UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00383-FDW
3:17-cr-00134-FDW-SCR-50

| | |
|---|---|
| **ROBERT ALLEN McCLINTON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1].

**I.     BACKGROUND**

Petitioner was charged in the underlying criminal case with conspiracy to participate in racketeering activity (Count One), and four counts of possession with intent to distribute cocaine base (Counts Thirty-One through Thirty-Four). [3:17-cr-134 ("CR") Doc. 1241: First Superseding Indictment]. He pleaded guilty to Counts One, Thirty-One, and Thirty-Two, and he was sentenced to a total of 43 months' imprisonment followed by three years of supervised release. [CR Doc. 1598 at ¶¶ 1, 2: Plea Agreement; CR Doc. 2243: Judgment].

On September 27, 2019, the United States petitioned for the termination of Petitioner's supervised release based on new law violations. [CR Doc. 2679: Petition]. These violations consisted of, *inter alia*, new criminal charges in Case No. 3:19-cr-394-FDW for drug trafficking offenses. These charges stemmed from an incident where Petitioner fled from officers during an attempted traffic stop, wrecked his vehicle, and was taken to the emergency room for treatment.

Officers accompanied Petitioner to the emergency room where hospital personnel discovered narcotics concealed in Petitioner's buttocks during a routine "rectal tone check" for potential spinal cord injury. [See 3:19-cv-394 Doc. 57 at 47]. Petitioner was found guilty of two drug trafficking offenses, and he was sentenced to 135 months' imprisonment. [See 3:19-cr-394, Doc. 47]. In the instant case, Petitioner was found guilty of violating the conditions of his supervised release and he was sentenced to 24 months' imprisonment, consecutive to the term imposed in Case No. 3:19-cr-394. [CR Doc. 3237: Revocation Judgment; see also CR Doc. 3240: Amended Revocation Judgment (correcting a clerical error)]. On appeal, Petitioner argued that the emergency-room discovery of narcotics was an unreasonable body cavity search that violated the Fourth Amendment, and that the new convictions and revocation Judgment should be vacated. [See 4th Cir. Case Nos. 21-4618, 21-4624 (Consolidated)]. The United States moved to dismiss the consolidated appeals because Petitioner waived the issue by failing to file a suppression motion. The Fourth Circuit agreed and dismissed the consolidated appeals on July 21, 2022. [CR Doc. 3389: Fourth Cir. Order].

Petitioner filed the instant pro se § 2255 Motion to Vacate on June 15, 2023.[1] [See Doc. 1 at 24]. He appears to argue that: (1) the revocation was based on evidence obtained during an unlawful body cavity search in violation of the Fourth Amendment; and (2) counsel was ineffective for failing to successfully move to suppress evidence seized pursuant to the unlawful body cavity search. [Doc. 1]. He asks the Court to "Vacate or for any other relief to which movant may be entitled." [Id. at 12]. The United States filed a Response arguing that the Motion to Vacate should be denied because Claim One is foreclosed by his failure to raise it on direct appeal, and he has

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings). Petitioner has also sought § 2255 relief from the Judgment in Case No. -394 in this Court, Case No. 3:23-cv-364-FDW.

failed to establish ineffective assistance of counsel in Claim Two. [Doc. 5]. Petitioner filed a Reply. [Doc. 7]. Accordingly, this matter is ripe.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### 1. Fourth Amendment Violation

The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. U.S. Const. amend. IV. Once a litigant is provided a full and fair opportunity to litigate a Fourth Amendment claim, he cannot re-litigate the claim in a motion pursuant to § 2255 unless there has been an intervening change in law. See Stone v. Powell, 428 U.S. 465, 494 (1976); Davis v. United States, 417 U.S. 333, 342 (1974). Here, Petitioner had a full and fair opportunity to raise his Fourth Amendment claim at trial and he failed to do so. He attempted to appeal the matter on direct appeal, but the Fourth Circuit granted the Government's Motion to

Dismiss because Petitioner had failed to file a suppression motion. Petitioner points to no intervening change of law. See Stone, 428 U.S. at 494. Nor is he permitted to use this § 2255 proceeding as a second appeal. See generally Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal") (internal citations omitted). Accordingly, Petitioner is barred from raising his Fourth Amendment claim in the instant proceeding and it is dismissed.

**2. Ineffective Assistance of Counsel**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, a petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a reviewing court need not even consider the performance prong. Strickland, 466 U.S. at 670.

To establish ineffective assistance based on counsel's failure to file a motion to suppress, a defendant must show both deficient performance and prejudice. There is no deficient performance where counsel's determination not to litigate a motion to suppress is reasonable. See Walker v. United States, 2015 WL 4638069, at *2 (D. Md. July 31, 2015) (unpublished). In assessing reasonableness, this Court should consider whether a motion to suppress "would have had some substance," and if so, "whether reasonable strategic decisions warranted not filing the motion." United States v. Pressley, 990 F.3d 383, 388 (4th Cir. 2021) (internal quotation marks omitted). Moreover, a petitioner cannot establish prejudice unless he proves that the "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

The Fourth Amendment prohibits only unreasonable searches and seizures through governmental action. United States v. Sharpe, 470 U.S. 675, 682-83 (1985); United States v. Jacobsen, 466 U.S. 109, 113 (1984). Here, Petitioner argues that counsel "fumbled" what should have been a successful motion to suppress by failing to "secur[e] witnesses such as the doctor who conducted the search," which would have "tipped the balance in favor of a finding of self-defense…."[2] [Doc. 1 at 5, 19]. Petitioner's conclusory and unsupported claims will be denied. The evidence showed that the rectal tone check was performed by a doctor consistent with standard practice for trauma patients like Petitioner and that the drugs were found incident to that

---

[2] Petitioner vaguely alludes to various other legal theories that the Court will not attempt to enumerate exhaustively here. [See Doc. 1 at 5, 14-15, 17, 22 (referring to Brady, Chronic, the right to a speedy trial, and "ineffective [assistance of counsel] at the sentencing phase of his case….")]. These allegations are conclusory, nonsensical, unsupported by any meaningful factual allegations, and have no apparent legal relevance to the § 2255 claims. Accordingly, these claims will be dismissed and denied without separate discussion. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it is proper to dismiss vague and conclusory allegations).

assessment. Reasonable counsel could have determined, under these circumstances, that moving to suppress evidence collected by an emergency room doctor during a routine medical examination would be fruitless. Petitioner's arguments that no drugs were found, and that possible testimony during a suppression hearing might have shown self-defense are conclusory, nonsensical, and contrary to the evidence. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it is proper to dismiss vague and conclusory allegations). For the same reasons, Petitioner has also failed to show that his Fourth Amendment claim is meritorious or that the outcome of the trial would have been different had counsel filed a motion to suppress. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Moreover, the drugs found in Petitioner's buttocks area would have been inevitably discovered since Petitioner would have continued in custody after having received medical care. See United States v. Bullette, 854 F.3d 261, 265 (4th Cir. 2017). As such, Petitioner has not shown prejudice. Accordingly, the Petitioner's claims of ineffective assistance of counsel are dismissed and denied.

## IV. CONCLUSION

For the foregoing reasons, the Petitioner's § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED and DENIED**.
2. IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 8, 2024

Frank D. Whitney
United States District Judge